**AEE**

**RECEIVED**

**FEBRUARY 8, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 857**

| | | | |
|---|---|---|---|
| JEREMY BLOOM, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | |
| | ) | | |
| SUBURBAN COOK COUNTY | ) | Judge | |
| REGIONAL OFFICE OF EDUCATION, | ) | | |
| a body politic, And CHARLES A. | ) | | |
| FLOWERS individually | ) | | |
| and as superintendent | ) | | |
| | ) | **JURY TRIAL REQUESTED** | |
| Defendants. | ) | | |

**JUDGE KENDALL
MAGISTRATE JUDGE DENLOW**

## COMPLAINT

Plaintiff JEREMY BLOOM ("Bloom"), through his attorneys, SEGEL & SEGEL, P.C., for his

Complaint against Defendants SUBURBAN COOK COUNTY REGIONAL OFFICE OF

EDUCATION, and CHARLES A. FLOWERS (herein "Defendants"), states as follows:

## I.   NATURE OF ACTION

1.   This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et

seq*., as amended by the Civil Rights Act of 1991 ("Title VII"), for Defendant's discrimination against

Mr. Bloom in violation of Title VII.  In addition the lawsuit also arises under 42 U.S.C. § 1983 for Mr.

Bloom's unlawful discharge "because of his political beliefs" in violation of the First Amendment.  This

lawsuit also arises under Section 1981 of the Civil Rights Act of 1981, 42 U.S.C. § 1981, for the

Defendant's discrimination against Mr. Bloom because of his race.

## II.   JURISDICTION AND VENUE

2.    Federal jurisdiction arises under the provisions of Title VII and Section 1981, 42 U.S.C. § 1981, and 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983.

3.    The jurisdiction of this Court is also invoked based on diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(2). The Plaintiff is a citizen of Illinois. The Defendant SUBURBAN COOK COUNTY REGIONAL OFFICE OF EDUCATION ("SCCROE"), is a body politic with its principal office in Illinois. The individual Defendant Charles A. Flowers ("Flowers") is an individual and elected in the capacity as Regional Superintendent of SCCROE. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

4.    Venue lies in the Northern District of Illinois in that the Plaintiff is a male resident of this District, Defendants are engaging in business in this District, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District. For purposes of diversity jurisdiction, venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(a).

III.    **PARTIES**

5.    Plaintiff Jeremy Bloom is a resident of Glen Ellyn, Illinois and was employed by SCCROE from November 3, 2005 until he was unlawfully terminated on July 1, 2007. He was employed as a clerk for Defendants.

6.    Defendant SCCROE is a body politic.

7.    Defendant Flowers is an individual elected in the capacity as Regional Superintendent of SCCROE.

8.    At all pertinent times Mr. Bloom was qualified to perform his job duties with Defendant. At all pertinent times, Mr. Bloom satisfactorily performed his job duties with Defendants.

9.    At all pertinent times, Defendant SCCROE continuously has been and is now an employer in an industry affecting commerce within the meaning of Sections 701(b) and (h) of Title VII and employ or have employed more than fifteen (15) persons.

## COUNT I
## TITLE VII FEDERAL CLAIMS

10.     On July 25, 2007, Bloom filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") alleging violations of Title VII.  That charge of discrimination was

timely filed with the EEOC.  That Charge of Discrimination alleged that Defendant SCCROE

discriminated against him in violation of Title VII.

11.     Mr. Bloom received a Notice of Right to Sue letter from the EEOC dated November 16,

2007.  A copy of that Notice of Right to Sue is attached as Exhibit 1.  Mr. Bloom has fulfilled all

conditions precedent to the institution of his lawsuit under Title VII.

12.     Defendant Flowers is the Regional Superintendent of SCCROE.

13.     Defendants, under color of state law, violated Title VII by discriminating against Mr.

Bloom because of his race.

14.     Charles Flowers, Regional Superintendent of SCCROE discriminated against Mr. Bloom,

individually and in his capacity as Superintendent, by terminating his employment because of Mr.

Bloom's race (Caucasian).

15.     Defendants applied policies in a discriminatory manner and engaged in both disparate

treatment and a disparate impact in violation of Title VII.  Defendant Flowers either individually acting

outside the scope of his employment or on behalf of SCCROE applied policies in a discriminatory

manner and engaged in both disparate treatment and disparate impact in violation of Title VII.

16.     The Defendants maintained practices and policies which discriminated against Bloom in

violation of Title VII.

17.     Because of Defendants' discriminatory actions, Mr. Bloom was damaged and has

suffered the loss of wages, benefits, humiliation, embarrassment, and other compensatory damages.  The

discriminatory actions by Defendants were taken deliberately and intentionally and with malice and

reckless indifference to Mr. Bloom's civil rights.  The acts complained of were ratified, authorized, and

permitted by Defendants and their officers, managers, and supervisors.

18.    The justifications that Defendants had for their actions and conduct towards Mr. Bloom were pretextual and not taken in good faith.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

A.    The Court declare, decree, and adjudge that Defendants have violated Title VII;

B.    Grant an injunction against Defendants from violating Title VII, and protecting Plaintiff and other employees

C.    Enter appropriate injunctive relief awarding Plaintiff the backpay, frontpay, wages, employment benefits, and other compensation that he was denied or lost;

D.    Order Defendants to pay Plaintiff compensatory and punitive damages in an amount sufficient to punish Defendants for their past discrimination and to deter them from continuing with their discriminatory practices;

E.    Award Plaintiff all pre-judgment and post-judgment interest to which he is entitled;

F.    Award Plaintiff his reasonable attorneys' fees and costs; and

G.    Award such other and further relief as is just and appropriate, including nominal damages.

## COUNT II

## 42 U.S.C. SECTION 1981 FEDERAL CLAIM

19.    Paragraphs 1-18 of this Complaint are re-alleged and incorporated herein as though fully set forth herein.

20.    Mr. Bloom's race is Caucasian.

21.    Mr. Bloom was discharged because of his race.

22.    Because of his race, Mr. Bloom was treated differently than similarly situated black employees with respect to his terms and conditions of employment, in that Mr. Bloom was discharged as a result of his race.

23.    Defendant Flowers had authority to affect and adversely affected Mr. Bloom's terms and conditions of employment.

24.    Because of his race, Defendants have discriminated against Mr. Bloom's contractual relationship by terminating his employment.

25.    Because of Defendant's discriminatory actions, Mr. Bloom was damaged and has suffered the loss of wages, benefits, humiliation, embarrassment, and other compensatory damages. The discriminatory actions by Defendants were taken deliberately and intentionally and with malice and reckless indifference to Mr. Bloom's civil rights. The acts complained of were ratified, authorized, and permitted by Defendant and its officers, managers, and supervisors.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

H.    The Court declare, decree, and adjudge that Defendants have violated Section 1981;

I.    Grant an injunction against Defendants from violating Section 1981, and protecting Plaintiff and other employees;

J.    Enter appropriate injunctive relief awarding Plaintiff the backpay, frontpay, wages, employment benefits, and other compensation that he was denied or lost;

K.    Order Defendants to pay Plaintiff compensatory and punitive damages in an amount sufficient to punish Defendants for their past discrimination and to deter them from continuing with their discriminatory practices;

L.    Award Plaintiff all pre-judgment and post-judgment interest to which he is entitled;

M.    Award Plaintiff his reasonable attorneys' fees and costs; and

N.    Award such other and further relief as is just and appropriate, including nominal damages.

**COUNT III**

26.    Plaintiff restates and realleges paragraphs 1 thru 25 as paragraphs 1 thru 25 of this Count

27.     Defendant Charles Flowers was elected as the Superintendent of defendant SCCROE on or about November 7, 2007.  Flowers took office on or about July 1, 2007.

28.     Flowers was elected to the office and ran on the Democratic ticket.

29.     Shirley Bloom is plaintiff's mother who was employed by SCCROE for a period of approximately 5 years.  While employed by SCCROE she worked for Robert Ingraffia, a Republican, who was the Superintendent of SCCROE prior to defendant Flowers.

30.     Plaintiff, also a Republican, was unlawfully discharged by defendants as a result of his political affiliation and beliefs.

31.     The defendants discharge of plaintiff, a public employee, because of his political affiliation and beliefs constitutes a violation of plaintiff's First Amendment rights and brings this Cause of Action under 42 U.S.C. § 1983.

32.     As a result of defendants' actions as set forth herein, Mr. Bloom has been damaged and has suffered the loss of wages, benefits, humiliation, embarrassment, and other compensatory damages. This unlawful conduct and action by defendants were taken deliberately and intentionally and with malice and reckless indifference to Mr. Bloom's rights.  The acts complained of were ratified, authorized, and permitted by Defendants and their officers, managers, and supervisors.

WHEREFORE Plaintiff respectfully requests this Court to enter an order as follows:

O.     The Court declare, decree, and adjudge that Defendants have violated his Constitutional rights under the First Amendment to the United States Constitution;

P.     Grant an injunction against Defendants from violating his constitutional rights under the First Amendment and under 42 U.S.C. § 1983, and protecting Plaintiff and other employees

Q.     Enter appropriate injunctive relief awarding Plaintiff the backpay, frontpay, wages, employment benefits, and other compensation that he was denied or lost;

R.    Order Defendants to pay Plaintiff compensatory and punitive damages in an amount

sufficient to punish Defendants for their past discrimination and to deter them from

continuing with their discriminatory practices;

S.    Award Plaintiff all pre-judgment and post-judgment interest to which he is entitled;

T.    Award Plaintiff his reasonable attorneys' fees and costs; and

U.    Award such other and further relief as is just and appropriate, including nominal

damages.

<u>JURY TRIAL DEMAND</u>

A jury trial is demanded on all courts which are triable by a jury.

Respectfully submitted,

JEREMY BLOOM

BY: s/ Donald H. Segel
_____
SEGEL & SEGEL, P.C.,
Attorneys for the Plaintiff

SEGEL & SEGEL, P.C.
525 West Monroe, #2360
Chicago, IL 60661
(312) 628-8740