## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JEREMY BLOOM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 00857 |
| | ) | |
| v. | ) | The Honorable Virginia Kendall |
| | ) | Presiding |
| SUBURBAN COOK COUNTY | ) | |
| REGIONAL OFFICE OF EDUCATION, | ) | |
| a body politic, and CHARLES A. | ) | |
| FLOWERS individually and as | ) | |
| Superintendent, | ) | |
| | ) | |
| Defendants. | ) | |

### ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants, Suburban Cook County Regional Office of Education and Charles A. Flowers, by their attorney, RICHARD A. DEVINE, State's Attorney of Cook County, through his assistant, PAVLINA KOCHANKOVSKA, Assistant State's Attorney, and hereby answer the Plaintiffs First Amended Complaint as follows:

**I.   NATURE OF ACTION**

1. This lawsuit arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., as amended by the Civil Rights Act of 1991 ("Title VII"), for Defendant's discrimination against Mr. Bloom in violation of Title VII. In addition the lawsuit also arises under 42 U.S.C. §1983 for Mr. Bloom's unlawful discharge "because of his political beliefs" in violation of the First Amendment. This lawsuit also arises under Section 1981 of the Civil Rights Act of 1981, 42 U.S.C. §1981, for the Defendant's discrimination against Mr. Bloom because of his race.

**ANSWER:** Defendants admit that Plaintiffs have brought this action pursuant to Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e et seq., 42 U.S.C. §1983 and 42 U.S.C. §1981. Defendants deny that Plaintiff is entitled to recover any relief thereunder.

## II.   JURISDICTION AND VENUE

2. Federal jurisdiction arises under the provisions of Title VII and Section 1981, 42 U.S.C. §1981, and 28 U.S.C. §§1331 and 1343, as well as 42 U.S.C. §1983.

**ANSWER:** Defendants state that Plaintiff's allegation that this Court has jurisdiction over his claims is correct.

3. The jurisdiction of this Court is also invoked based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2). The Plaintiff is a citizen of Illinois. The Defendant SUBURBAN COOK COUNTY REGIONAL OFFICE OF EDUCATION ("SCCROE"), is a body politic with its principal office in Illinois. The individual Defendant, Charles A. Flowers ("Flowers") is an individual and elected in the capacity as Regional Superintendent of SCCROE. The amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

**ANSWER:** Defendants state that Plaintiff's allegation that this Court has jurisdiction over his claim is correct.

    4.      Venue lies in the Northern District of Illinois in that the Plaintiff is a male resident of this District, Defendants are engaging in business in this District, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District. For purposes of diversity jurisdiction, venue is also proper in this judicial district pursuant to 28 U.S.C. §1391(a).

**ANSWER:**  Defendants admit that venue is proper in this judicial district.

### III.  PARTIES

    5.      Plaintiff Jeremy Bloom is a resident of Glen Ellyn, Illinois and was employed by SCCROE from November 3, 2005 until he was unlawfully terminated on July 1, 2007. He was employed as a clerk for Defendants.

**ANSWER:**  Defendants admit that SCCROE employed Plaintiff from approximately October 20, 2005 until July 1, 2007. Defendants deny that Plaintiff was unlawfully terminated and are without knowledge or information sufficient to respond to Plaintiffs' remaining allegations contained in paragraph 5 of Plaintiffs' complaint and, therefore, deny said allegations.

    6.      Defendant SCCROE is a body politic.

**ANSWER:**  Defendants admit the allegations contained in paragraph 6 of the complaint.

    7.      Defendant Flowers is an individual elected in the capacity as Regional Superintendant of SCCROE.

**ANSWER:**  Defendants admit the allegations contained in paragraph 7 of the complaint.

8. At all pertinent times Mr. Bloom was qualified to perform his job duties with Defendant. At all pertinent times, Mr. Bloom satisfactorily performed his job duties with Defendant.

**ANSWER:** Defendants deny the allegations contained in paragraph 8 of the complaint.

9. At all pertinent times, Defendant SCCROE continuously has been and is now an employer in an industry affecting commerce within the meaning of Sections 701(b) and (h) of Title VII and employ or have employed more than fifteen (15) persons.

**ANSWER:** Defendants admit the allegations contained in paragraph 9 of the complaint.

## COUNT I
## TITLE VII FEDERAL CLAIMS

10. On July 25, 2007 Bloom filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII. That charge of discrimination was filed timely with the EEOC. That Charge of Discrimination alleged that Defendant SCCROE discriminated against him in violation of Title VII.

**ANSWER:** Defendants admit that Plaintiff filed a timely EEOC charge on July 25, 2007.

11. Mr. Bloom received a Notice of Right to Sue letter from the EEOC dated November 16, 2007. A copy of that Notice of Rights to Sue is attached as Exhibit 1. Mr. Bloom has fulfilled all conditions precedent to the institution of his lawsuit under Title VII.

**ANSWER:**   Defendants admit that the EEOC issued a Notice of Right to Sue letter dated November 14, 2007.  Defendants admit the remaining allegation in paragraph 11 of the complaint.

12. Defendant Flowers is the Regional Superintendant of SCCROE.

**ANSWER:**   Defendants admits the allegations contained in paragraph 12 of the complaint.

13. Defendants violated Title VII by discriminating against Mr. Bloom because of his race.

**ANSWER:**   Defendants deny the allegations contained in paragraph 13 of the complaint.

14. Charles Flowers, Regional Superintendant of SCCROE discriminated against Mr. Bloom, individually and in his capacity as Superintendant, by terminating his employment because of Mr. Bloom's race (Caucasian).

**ANSWER:**   Defendants deny the allegations contained in paragraph 14 of the complaint.

15. Defendants applied policies in a discriminatory manner and engaged in both disparate treatment and a disparate impact in violation of Title VII.  Defendant Flowers either individually acting outside the scope of his employment or on behalf of SCCROE applied policies in a discriminatory manner and engaged in both disparate treatment and disparate impact in violation of Title VII.

**ANSWER:**   Defendants deny the allegations contained in paragraph 15 of the complaint.

16. The Defendants maintained practices and policies which discriminated against Bloom in violation of Title VII.

**ANSWER:** Defendants deny the allegations contained in paragraph 16 of the complaint.

17. Because of Defendants' discriminatory actions, Mr. Bloom was damaged and has suffered loss of wages, benefits, humiliation, embarrassment, and other compensatory damages. The discriminatory actions by Defendants were taken deliberately and intentionally with malice and reckless indifference to Mr. Bloom's civil rights. The acts complained of were ratified, authorized, and permitted by Defendants and their officers, managers, and supervisors.

**ANSWER:** Defendants deny the allegations contained in paragraph 17 of the complaint.

18. The justifications that Defendants had for their actions and conduct towards Mr. Bloom were pretextual and not taken in good faith.

**ANSWER:** Defendants deny the allegations contained in paragraph 18 of the complaint.

## COUNT II
## 42 U.S.C. SECTION 1981 FEDERAL CLAIM

19. Paragraphs 1-18 of this Complaint are re-alleged and incorporated herein as though fully set forth herein.

**ANSWER:** Defendants adopt and incorporate by reference its answers to paragraphs 1 through 18 as if fully set for the herein.

20. Mr. Bloom's race is Caucasian.

**ANSWER:** Defendants admit the allegation contained in paragraph 20 of the complaint.

21. Mr. Bloom was discharged because of his race.

**ANSWER:** Defendants deny the allegations contained in paragraph 21 of the complaint.

22. Because of his race, Mr. Bloom was treated differently than similarly situated black employees with respect to the terms and conditions of employment, in that Mr. Bloom was discharged as a result of his race.

**ANSWER:** Defendants deny the allegations contained in paragraph 22 of the complaint.

23. Defendant Flowers had authority to affect and adversely affected Mr. Bloom's terms and conditions of employment.

**ANSWER:** Defendant Flowers admits that he made the decision to terminate Plaintiff.

24. Defendant Flowers had authority to affect and adversely affected Mr. Bloom's contractual relationship by terminating his employment.

**ANSWER:** Defendants deny the allegations contained in paragraph 24 of the complaint.

25. Because of Defendant's discriminatory actions, Mr. Bloom was damaged and has suffered loss of wages, benefits, humiliation, embarrassment, and other compensatory damages. The discriminatory actions by Defendants were taken deliberately and intentionally with malice and reckless indifference to Mr. Bloom's civil rights. The acts complained of were ratified, authorized, and permitted by Defendants and their officers, managers, and supervisors.

**ANSWER:** Defendants deny the allegations contained in paragraph 25 of the complaint.

## COUNT III

26. Plaintiff restates and realleges paragraphs 1 thru 25 as paragraphs 1 thru 25 of this Count.

**ANSWER:** Defendants adopt and incorporate by reference its answers to paragraphs 1 through 25 as if fully set for the herein.

27. Defendant Charles Flowers was elected as the Superintendant of defendant SCCROE on or about November 7, 2007. Flowers took office on or about July 1, 2007.

**ANSWER:** Defendants admit the allegations contained in paragraph 27 of the complaint.

28. Flowers was elected to the office and ran on the Democratic ticket.

**ANSWER:** Defendants admit the allegations contained in paragraph 28 of the complaint.

29. Shirley Bloom is plaintiff's mother who was employed by SCCROE for a period of approximately 5 years. While employed by SCCROE she worked for Robert Ingraffia, a Republican, who was the Superintendant of SCCROE prior to defendant Flowers.

**ANSWER:** Defendant admits the allegations contained in paragraph 29 of the complaint.

30. Plaintiff, also a Republican, was unlawfully discharged by defendants as a result of his political affiliation and beliefs.

**ANSWER:**   Defendants deny the allegations contained in paragraph 30 of the complaint.

31.   The Defendants discharge of Plaintiff, a public employee, because of his political affiliation and beliefs constitutes a violation of plaintiff's First Amendment Rights and brings this Cause of Action under 42 U.S.C. § 1983.

**ANSWER:**   Defendants deny the allegations contained in paragraph 31 of the complaint.

32.   As a result of defendant's actions as set forth herein, Mr. Bloom has been damaged and has suffered the loss of wages, benefits, humiliation, embarrassment, and other compensatory damages.  This unlawful conduct and action by defendants were taken deliberately and intentionally and with malice and reckless indifference to Mr. Bloom's rights.  The acts complained of were ratified, authorized, and permitted by Defendants and their officers, managers, and supervisors.

**ANSWER:**   Defendants deny the allegations contained in paragraph 32 of the complaint.

        Respectfully Submitted,

        RICHARD A. DEVINE
        State's Attorney of Cook County

By:  /s/ Pavlina Kochankovska
     Attorney # 6270914
     Assistant State's Attorney
     500 Richard J. Daley Center
     Chicago, Illinois 60602
     (312) 603-6512